IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| THOMAS EVERLY,[1] | § |
| | § No. 443, 2025 |
| Petitioner Below, | § |
| Appellant, | § Court Below–Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CN19-05309 |
| ELLA EVERLY, | § Petition No. 23-15661 |
| | § |
| Respondent Below, | § |
| Appellee. | § |

Submitted: June 5, 2026
Decided: July 30, 2026

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## <u>ORDER</u>

After consideration of the appellant's opening brief and the Family Court record—including the transcript of the two-day trial as well as the evidence admitted at trial—we find it evident that the Family Court's August 29, 2025 order resolving the parties' cross-petitions for custody modification and the Family Court's October 10, 2025 order denying the appellant's motion for reargument should be affirmed. The Family Court's factual findings are supported by the record, and we can discern no error in the court's application of the law to the facts.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

To the extent that the appellant alleges on appeal that the appellee has not complied with the Family Court's orders, his recourse is to petition for a rule to show cause in the Family Court. And we review the appellant's argument that the Family Court "improperly delegated [his] constitutional parental rights to a private therapist"[2] for plain error because the appellant did not raise it below.[3] There is no error, plain or otherwise, here. As the appellant expressly acknowledged at trial, his reunification with his estranged daughter should not occur without "somebody that's going to be really overseeing it with a really extensive professional background in, like, a high conflict type of scenario which [his daughter's reunification therapist] is,"[4] and that he "would be absolutely willing to cooperate and work with [the therapeutic recommendations made by his daughter's personal therapist]."[5]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is affirmed.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

[2] Opening Br. at 2.
[3] Del. Supr. Ct. R. 8.
[4] July 28, 2025 Hr'g Tr. 13:7–10.
[5] *Id*. 88:16–17.

2